EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants
Eisai Inc. and Douglas Neale
Two Gateway Center, 12th Floor
Newark, New Jersey  07102
(973) 642-1900

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

-----------------------------------------------------------------x
LORRAINE LEUNG,                                       :
                                                                          : **ECF Case**
       Plaintiff,                           :
                                                                          : Civ. Action No. 06-CV-543 (DMC)(MF)
       v.                                        :
                                                                          :**ANSWER TO COMPLAINT AND**
                                                                          :**AFFIRMATIVE DEFENSES**
EISAI INC. and DOUGLAS NEALE Individually,  :
                                                                          :
       Defendants.                       :
-----------------------------------------------------------------x

       Defendants Eisai Inc. ("Eisai") and Douglas Neale ("Neale") (collectively, "Defendants"), by their attorneys, answer the Complaint and Jury Demand ("Complaint") of Plaintiff Lorraine Leung ("Plaintiff"), as follows:

### RESPONSE TO
### FIRST COUNT

       1.    Defendants deny the allegations as stated in Paragraph 1 of the Complaint, except admit that Plaintiff was previously employed by Eisai as a financial analyst.

       2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint.

       3.    Defendants deny the allegations contained in Paragraph 3 of the Complaint, lack sufficient knowledge or information to admit or deny the allegations contained in the paragraph's second sentence, and admit that in or about October 2004, Plaintiff, Neale and Steven Brown attended a marketing meeting with Pfizer, at which what were believed to be placebo pills of orally disintegrating tablets of Aricept® ("Aricept® ODT") were made available to attendees.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint, except admit that in or about November 2004 Plaintiff attended a meeting during which what were believed to be placebo pills of Aricept® ODT were made available to attendees.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint, except admit that Plaintiff took what was believed to be a placebo pill.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint, lack sufficient knowledge or information to admit or deny the allegations contained in the paragraph's first sentence and the timing of her communication with Steven Brown, and admit that Plaintiff advised Steven Brown that she felt sick.

7. Defendants deny the allegations as stated in Paragraph 7 of the Complaint, lack sufficient knowledge or information to admit or deny the allegations concerning Plaintiff's health, and admit that Mike Melfi passed by and said hello to Plaintiff, Mr. Melfi asked Plaintiff whether she was feeling alright, Mr. Melfi advised Shaji John, Plaintiff's previous supervisor, that Plaintiff was not feeling well, and that Shaji John suggested to Plaintiff that she may be more comfortable resting on the chair(s) in Ms. John's office.

8. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint, except admit that Shaji John asked for Plaintiff's husband's contact number and the paramedics came.

9. At this time, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint, except admit that Plaintiff had communications with Mabel Lam.

10. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny the allegations as stated in Paragraph 12 of the Complaint, and, at this time, lack sufficient knowledge or information to admit or deny the date of Plaintiff's communication with Mabel Lam.

13.     Defendants deny the allegations as stated in Paragraph 13 of the Complaint, except admit that in November 2004, Plaintiff, Mabel Lam, Ilona Surick and Cynthia Uber discussed Plaintiff's symptoms after taking what was believed to be a placebo of Aricept® ODT.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint, except admit that Neale and Frank Ciriello, Vice President of Sales and Marketing at Eisai, met with Plaintiff and advised her that the placebo Aricept® ODT had been sent for testing.

15.     Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint, at this time lack sufficient knowledge or information to admit or deny the timing of Plaintiff's communication with Steven Brown concerning what was believed to have been a purported placebo pill of Aricept® ODT, and admit that Steven Brown suggested that Plaintiff communicate with Dr. Ilona Surick.

17.     Defendants deny the allegations as stated in Paragraph 17 of the Complaint, lack sufficient knowledge or information to admit or deny Plaintiff's motivation for wanting to speak with Ilona Surick, and admit that Plaintiff spoke with Dr. Surick.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint, at this time, lack sufficient knowledge or information to admit or deny the allegations concerning

the timing of Dr. Surick's communication with Plaintiff, and admit that Dr. Surick spoke with Mark Lurie, Esq., who at the time was Eisai's Corporate Compliance Officer and Associate General Counsel.

19. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint, except admit that Eisai received a letter from Aaron Leung and refer the Court to the contents thereof.

21. Defendants deny the allegations as stated in Paragraph 21 of the Complaint, except admit that in November 2004, Plaintiff met with Janis Lane, Director of Human Resources at Eisai, Plaintiff gave Janis Lane a letter written by Plaintiff's husband and that Janis Lane and Plaintiff discussed whether Plaintiff was pregnant, Plaintiff's appetite problem and anxiety, and a stomach virus in the workplace.

22. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations as stated in Paragraph 23 of the Complaint, except admit that Steven Brown and Plaintiff discussed Plaintiff's health.

24. Defendants deny the allegations as stated in Paragraph 24 of the Complaint, except admit that Dr. Surick spoke with Plaintiff in or about December 2004.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint, except admit that David George and Plaintiff discussed Plaintiff's health.

26. Defendants deny the allegations as stated in Paragraph 26 of the Complaint, admit that Plaintiff and Steven Brown spoke in December 2004, and lack sufficient knowledge or

information to admit or deny whether Plaintiff overheard Mr. Brown listening to a voicemail message from David George.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint, except admit that Plaintiff and David George discussed Plaintiff's health in November and December 2004.

28. Defendants deny the allegations as stated in Paragraph 28 of the Complaint, except admit that Janis Lane informed Plaintiff that the requested drug information could be found on a website.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint, except admit that, on December 8, 2004, Bruce Hastings at Eisai confirmed that certain samples provided for testing by Neale were from Lot Number W190301 because of the unique markings on the tablets.

30. Defendants deny the allegations as stated in Paragraph 30 of the Complaint.

31. At this time, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations as stated in Paragraph 33 of the Complaint, and, at this time, lack sufficient knowledge or information to admit or deny the date and time of Janis Lane's communication with Plaintiff, and admit that Janis Lane met with Plaintiff in or about December 2005 and that Janis Lane gave Plaintiff a lab test result at the meeting.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint, except admit that David George called Plaintiff to ask about her health.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, including, but not limited to, compensatory and punitive damages, attorneys' fees and costs of suit.

### RESPONSE TO
### SECOND COUNT

36. Defendants repeat their responses to Paragraphs 1 through 35 as though fully set forth herein.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, including, but not limited to, compensatory and punitive damages, attorneys' fees and costs of suit.

### RESPONSE TO
### THIRD COUNT

38. Defendants repeat their responses to Paragraphs 1 through 37 as though fully set forth herein.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, including, but not limited to, compensatory and punitive damages, attorneys' fees and costs of suit.

### RESPONSE TO
### FOURTH COUNT

40. Defendants repeat their responses to Paragraphs 1 through 39 as though fully set forth herein.

41. Defendants deny the allegations as stated in Paragraph 41 of the Complaint, except admit that Eisai has a policy entitled *Principles of Corporate Conduct* and refer the Court to the contents thereof.

42. Defendants deny the allegations as stated in Paragraph 42 of the Complaint, except admit that Marketing Practices is a section of the *Principles of Corporate Conduct* and refer the Court to the contents thereof.

43. Defendants deny the allegations as stated in Paragraph 43 of the Complaint, except admit that Eisai has a policy entitled *Principles of Corporate Conduct* and refer the Court to the contents thereof.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, including, but not limited to, compensatory and punitive damages, attorneys' fees and costs of suit.

## RESPONSE TO
## FIFTH COUNT

46. Defendants repeat their responses to Paragraphs 1 through 45 as though fully set forth herein.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief, including, but not limited to, compensatory and punitive damages, attorneys' fees and costs of suit.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

### THIRD DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

### FOURTH DEFENSE

Plaintiff is estopped and barred by her own conduct from recovering any relief.

### FIFTH DEFENSE

Insofar as Plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

### SIXTH DEFENSE

Plaintiff has failed to act with reasonable care to take advantage of the preventive and corrective opportunities provided by Eisai regarding alleged unlawful workplace harassment and to otherwise prevent harm that could have been avoided.

### SEVENTH DEFENSE

Upon information and belief, Plaintiff is barred from relief due to her failure to mitigate damages.

## **EIGHTH DEFENSE**

The Complaint is barred in whole or in part by the applicable statutes of limitation

Defendants reserve the right to raise other affirmative and other defenses that may subsequently become or appear applicable to some or all of Plaintiff's causes of action.

WHEREFORE, Defendants respectfully request that this Court enter a judgment:

1. Dismissing the Complaint with prejudice;

2. Directing Plaintiff to pay Defendants the costs to defend this action, including reasonable attorneys' fees and interest; and

3. Awarding such other and further relief as this Court deems just and proper.

          EPSTEIN BECKER & GREEN, P.C.
          Attorneys for Defendants
          Eisai Inc. and Douglas Neale

          s/John P. Barry

By:    JOHN P. BARRY (JPB 6489)
        GRETA RAVITSKY (GR 9819)
        For the Firm

DATED: February 28, 2006

## CERTIFICATION UNDER L. CIV. R. 11.2

I certify that I am not aware of any other action pending in any court, or of any pending arbitration or administrative hearing.

                EPSTEIN BECKER & GREEN, P.C.
                Attorneys for Defendants
                Eisai Inc. and Douglas Neale

                        s/John P. Barry
By:        JOHN P. BARRY (JPB 6489)
               GRETA RAVITSKY (GR 9819)
                      For the Firm

DATED: February 28, 2006